UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DR. DOUGLAS JOHN ANDERSON, M.D.,

    Plaintiff,

-against-

CARELON BEHAVIORAL HEALTH, INC., THE ELEVANCE HEALTH COMPANIES, INC., ELEVANCE HEALTH, INC., and HOSSAM MAHMOUD, individually, and PETER HAYTAIAN, individually, and DAVID J. WOLFE, individually, and FATIMAH ANN TAHIL, individually, and SUZANNE RUMSEY, individually,

    Defendants.

---

Civil Action No.: 24-cv-9260

**ECF CASE**

**NOTICE OF REMOVAL**

---

**PLEASE TAKE NOTICE** that Defendants Carelon Behavioral Health, Inc., Elevance Health, Inc. (improperly named in the Complaint as "The Elevance Health Companies, Inc."), Hossam Mahmoud, Peter Haytaian, David J. Wolfe, Fatimah Ann Tahil, and Suzanne Rumsey (hereinafter, collectively referred to as "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446, with full reservation of all defenses, file this Notice of Removal with respect to the case identified as *Dr. Douglas John Anderson, M.D. v. Carelon Behavioral Health, Inc., et al.*, Index No. 159982/2024, from the Supreme Court of the State of New York, New York County.[1] In support of this Notice, Defendants state as follows:

---

[1] By removing this action to this Court, Defendants do not waive any defenses, objections, or responsive pleadings available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal for lack of personal jurisdiction, improper venue, forum non conveniens, or any other applicable grounds such as a failure to state a viable cause of action.

**TIMELINESS OF REMOVAL**

1. On October 28, 2024, Plaintiff Dr. Douglas Anderson, M.D. ("Plaintiff") filed a Complaint with the Supreme Court of the State of New York, New York County, titled *Dr. Douglas John Anderson, M.D. v. Carelon Behavioral Health, Inc., et al.*, Index No. 159982/2024 (hereafter, "State Court Action"). Pursuant to 28 U.S.C. § 1446, a true and accurate copy of the Summons and Verified Complaint in the State Court Action are attached hereto as **Exhibit A**.

2. On November 15, 2024, Plaintiff personally served Defendant Elevance Health, Inc. (improperly named in the Affirmation of Service as "The Elevance Health Companies, Inc.") with the Summons and Verified Complaint. Upon information and belief, Carelon Behavioral Health, Inc., Hossam Mahmoud, Peter Haytaian, David J. Wolfe, Fatimah Ann Tahil, and Suzanne Rumsey have not been served. (*See* **Exhibit B**, Affirmation of Service).

3. Plaintiff's Verified Complaint pleads New York State and New York City Human Rights Law employment-based claims against Defendants. (*See generally* **Exhibit A**, Verified Complaint). Defendants deny these allegations.

4. Defendants have not filed any pleadings in the State Court Action.

5. Since the Summons and Verified Complaint were served November 15, 2024 on Elevance Health, Inc., this Notice of Removal is being filed within 30 days of service, and therefore is timely pursuant to 28 U.S.C. 1446(b).

**GROUNDS FOR REMOVAL**

6. This action may be removed under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The requirements of 28 U.S.C. § 1332 have been met because, as set forth

below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

7. For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *Lemos v. Pateras*, 5 F. Supp. 2d 164, 165 (S.D.N.Y. 1998). Residence is *prima facie* evidence of domicile. 28 U.S.C. § 1332.

8. According to the Complaint, Plaintiff is a resident of the State of New Jersey. (*See* **Exhibit A,** Verified Complaint at ¶ 1). Upon information and belief, Plaintiff is domiciled in New Jersey and is therefore a citizen of New Jersey for diversity purposes. *See Lemos*, 5 F. Supp. at 165 (noting "for purposes of diversity jurisdiction, one is a citizen of the state where one is domiciled").

9. At the time Plaintiff commenced this civil action, and at all times since, Defendant Carelon Behavioral Health, Inc. was and is an organization incorporated in Virginia and with its principal place of business in Boston, Massachusetts, and therefore is a citizen of the States of Virginia and Massachusetts for purposes of diversity. 28 U.S.C. § 1332; *See also Hertz Corp. v. Friend*, 558 U.S. 77, 92-93 (2010) (noting "a 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities")[2]; (*See* **Exhibit A**, Verified Complaint at ¶ 6). Upon information and belief, and based

---

[2] Plaintiff asserts that Carelon Behavioral Health, Inc. is incorporated in Delaware, with an office in New York City. *See* **Exhibit A**, Verified Complaint at ¶ 6). This is incorrect as, per publicly available information, Carelon Behavioral Health, Inc. is not incorporated in Delaware. *See State Corporation Commission Clerk's Information System*, https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=132590&source=FromEntityResult&isSeries%20=%20false (last accessed Nov. 22, 2024). Moreover, merely having an office in New York City is irrelevant for diversity jurisdiction purposes.

upon a review of the state court's docket, Carelon Behavioral Health, Inc. has not been served with process in this action pursuant to 28 U.S.C. § 1441(b)(2).[3]

10. Plaintiffs allege that Defendant Elevance Health, Inc. (improperly named in the Complaint and Affirmation of Service as "The Elevance Health Companies, Inc.") was and is an organization incorporated in and with its principal place of business in Indianapolis, Indiana, and therefore is a citizen of the State of Indiana for the purposes of diversity. 8 U.S.C. § 1332. (*See* **Exhibit A**, Verified Complaint at ¶ 9, 12). Upon information and belief, and based upon a review of the state court's docket, Elevance Health, Inc. has been properly joined and served with process in this action. 28 U.S.C. § 1441(b)(2); (*See* **Exhibit B**, Affirmation of Service).

11. Defendant Hossam Mahmoud was a resident of the State of Illinois at all times relevant to the Complaint. Mahmoud currently resides in Illinois. Upon information and belief, and based upon a review of the state court's docket, Mahmoud has not been properly served with process in this action. 28 U.S.C. § 1441(b)(2).

12. Defendant Peter Haytaian was a resident of the State of Florida at all times relevant to the Complaint. Defendant Peter Haytaian currently resides in Florida. Upon information and belief, and based upon a review of the state court's docket, Haytaian has not been properly served with process in this action. 28 U.S.C. § 1441(b)(2).

13. Defendant David J. Wolfe was a resident of the State of Massachusetts at all times relevant to the Complaint. Wolfe currently resides in Massachusetts. Upon information and belief,

---

[3] Pursuant to Southern District of New York Local Civil Rule 81.1, "[i]f the court's jurisdiction is based upon diversity of citizenship, and regardless of whether or not service of process has been effected on all parties, the notice of removal shall set forth (1) in the case of each individual named as a party, that party's residence and domicile and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332; […] (3) in the case of each party that is a corporation, its state or other jurisdiction of incorporation, principal place of business, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332." S.D.N.Y Local Rule 81.1. Therefore, Defendants seek removal despite the lack of service of process on all parties.

4

and based upon a review of the state court's docket, Wolfe has not been properly served with process in this action. 28 U.S.C. § 1441(b)(2).

14. Defendant Fatimah Ann Tahil was a resident of the State of Florida at all times relevant to the Complaint. Tahil currently resides in Florida. Upon information and belief, and based upon a review of the state court's docket, Tahil has not been properly served with process in this action. 28 U.S.C. § 1441(b)(2).

15. Defendant Suzanne Rumsey was a resident of the State of Georgia at all times relevant to the Complaint. Rumsey currently resides in Georgia. Upon information and belief, and based upon a review of the state court's docket, Rumsey has not been properly served with process in this action. 28 U.S.C. § 1441(b)(2).

16. All Defendants consent to the removal of this action.

17. Accordingly, this action is one in which none of the parties in interest properly joined and/or served as a defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b); S.D.N.Y Local Rule 81.1.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

18. While Defendants deny any liability as to Plaintiff's claims, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, as required 28 U.S.C. § 1332(a)(1).

19. In determining the amount in controversy, a district court should first review the Plaintiff's allegations. *See Samuels v. Elrac, Inc.*, 2006 WL 2862337, at *1 (E.D.N.Y. Oct. 5, 2006) (*citing Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957)).

20. Here, Plaintiff seeks "all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation seniority, and other benefits of employment." (*See* **Exhibit A**, at p. 31.)

21. The Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing the amount in controversy for purposes of removal. *See* Pub. L. 112-63, Title II, § 205.

22. Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a). *See* H.R. Rep. 112-10 at 16 (providing "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met"). 28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded." Under these circumstances, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000.00. 28 U.S.C. § 446(c)(2)(B). The notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also United Food & Comm'l Workers Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 2004) (holding that a removing defendant need only show "a *reasonable probability* that the claim is in excess of the statutory jurisdictional amount" of $75,000) (emphasis added). Accordingly, a removing defendant must demonstrate that the

6

amount in controversy is more than $75,000.00 by a preponderance of the evidence, not to a legal certainty.

23. Furthermore, it is well established that "if punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." *People's Club of Nig. Int'l v. People Club of Nig. Int'l- N.Y. Branch*, 821 F. App'x 32, 35 (2d Cir. 2020) (*quoting A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991)).

24. Plaintiff demands judgment against and relief from Defendants on eight claims including alleged age, disability, and military status, discrimination, retaliation, aiding and abetting, supervisory liability, and hostile work environment in violation of the New York State and New York City Human Rights Laws. (*See generally* **Exhibit A**, Complaint.) Although Defendants deny that they should be liable for any damages whatsoever, and do not concede to Plaintiff's allegations, the claimed lost wages, punitive damages, and attorneys' fees sought by Plaintiff which may be awarded under the New York City and/or New York State Human Rights Laws, establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold for purposes of removal.

25. Plaintiff's demand for emotional distress damages alone may bring his claimed damages above the $75,000 threshold. Here, Plaintiff seeks "compensation for his severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries." (*See* **Exhibit A** at p. 31). An award of compensatory damages for lost wages (even if less than one year) coupled with even garden-variety emotional distress is almost certain to exceed the $75,000.00 threshold. *See Duarte v. St. Barnabas Hosp.*, 341 F. Supp. 3d 306, 324

(S.D.N.Y. 2018) (noting "[t]he Second Circuit has 'affirmed awards of $125,000 to plaintiffs for garden variety emotional distress resulting from discrimination where the evidence of emotional distress consisted only of testimony establishing shock, nightmares, sleeplessness, humiliation, and other subjective distress, without evidence of secondary physical results or consequences—or professional treatment") (*quoting Lore v. City of Syracuse*, 620 F.3d 127, 177 (2d Cir. 2012)).

26.  Such pleaded injuries are sufficient to create a "reasonable probability" that the amount in controversy exceeds $75,000. *See, e.g.*, *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (finding "reasonable probability" standard met where plaintiff did not specify amount of damages but alleged serious injury).

27.  Additionally, "[a] potential award of attorney's fees may be considered by the court when determining whether a case involves the jurisdictional minimum." *Gardiner Stone Hunter Intern. v. Iberia Lineas Aereas De Espana, S.A.*, 896 F. Supp. 125, 128 (S.D.N.Y. 1995). If this case proceeds to trial, and Plaintiff prevails, there is a reasonable probability that Plaintiff's attorneys' fees could exceed the jurisdictional amount.

28.  Because there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a), and this action is removable to this Court pursuant to 28 U.S.C. §1441(b).

## **VENUE IS PROPER**

29.  Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because this Court embraces the County of New York, New York, the place where the State Court Action is pending. 28 U.S.C. § 1441(a).

**NOTICE OF FILING OF REMOVAL IN NEW YORK SUPREME COURT**

30. Pursuant to 28 U.S.C. § 1446, Defendants are contemporaneously filing written Notice of the Filing of this Notice of Removal, together with a copy of this Notice of Removal, with the Clerk of the Supreme Court of New York, New York County. Defendants are also serving a copy of the notice filed with the Supreme Court of the State of New York, New York County, on counsel for Plaintiff.

**CONCLUSION**

31. Based on the foregoing, this Court has original jurisdiction over this action based on the diversity of the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).

32. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendants' factual allegations have evidentiary support and their legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

33. By filing this Notice of Removal, Defendants do not waive any defenses available at law, in equity or otherwise.

34. Should any question arise as to the propriety of this removal, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position.

**WHEREFORE,** Defendants pray that the above-referenced civil action proceed in the United States District Court for the Southern District of New York as an action properly removed thereto, and request that this Court retain jurisdiction for all further proceedings in this matter.

Dated: New York, New York
December 5, 2024

SEYFARTH SHAW LLP

By: /s/ Howard M. Wexler
Howard M. Wexler
hwexler@seyfarth.com
Max A. Scharf
mscharf@seyfarth.com
620 Eighth Avenue
New York, NY  10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526

Attorneys for Defendants
CARELON BEHAVIORAL HEALTH, INC., ELEVANCE HEALTH, INC., HOSSAM MAHMOUD, PETER HAYTAIAN, DAVID J. WOLFE, FATIMAH ANN TAHIL, and SUZANNE RUMSEY

## CERTIFICATE OF SERVICE

I, Howard M. Wexler, hereby certify that on December 5, 2024, I electronically filed the foregoing **NOTICE OF REMOVAL WITH EXHIBIT A AND B ANNEXED THERETO**, and **CIVIL COVER SHEET**, with the Clerk of the Court via the Court's CM/ECF system, and effected service via FedEx, and a courtesy copy by email, to the following counsel of record for Plaintiff:

THE COCHRAN FIRM
Derek S. Sells
One Exchange Plaza
55 Broadway, 23rd Floor
New York, New York 10279
Telephone: (212) 553-9215
Facsimile: (212) 227-8763
Email: dsells@cochranfirmny.com

*Attorneys for Plaintiff*

  /s/ Howard M. Wexler
Howard M. Wexler