# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:

Date Filed: October 28, 2024

-----------------------------------------------------------------X

DR. DOUGLAS JOHN ANDERSON, M.D.,

                                     Plaintiff,

Plaintiff designates New York County as the place of trial.

      -against-

CARELON BEHAVIORAL HEALTH, INC.,
THE ELEVANCE HEALTH COMPANIES, INC.,
ELEVANCE HEALTH, INC.
and HOSSAM MAHMOUD, individually,
and PETER HAYTAIAN, individually
and DAVID J. WOLFE, individually
and FATIMAH ANN TAHIL, individually
and SUZANNE RUMSEY, individually

The basis of venue is Defendants' place of business

**SUMMONS**

                                 Defendants.

-----------------------------------------------------------------X

To the above-named Defendant(s)

     **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
        October 28, 2024

                                Yours, etc.

                                  _____

                                  DEREK S. SELLS, ESQ.

**1**

Case 1:24-cv-09260-MMG    Document 1-1    Filed 12/05/24    Page 3 of 34

55 Broadway, 23rd Floor
New York, New York 10006
(Tel No.)  (212) 553-9215
(Facsimile) (212) 227-8763
dsells@cochranfirmny.com

**TO:**

**CARELON BEHAVIORAL HEALTH, INC.**
-via Actual Place of Business-
134 West 122nd Street
New York, NY 10027

**THE ELEVANCE HEALTH COMPANIES, INC.**
-via Actual Place of Business-
120 Monument Cir
Indianapolis, IN, 46204

**ELEVANCE HEALTH, INC.**
-via Actual Place of Business-
1 Liberty Plz, Ste 1300
New York, NY, 10006

**HOSSAM MAHMOUD**
-via Place of Employment-
134 West 122nd Street
New York, NY 10027

**PETER HAYTAIAN**
-via Place of Employment-
134 West 122nd Street
New York, NY 10027

**DAVID J. WOLFE**
-via Place of Employment-
134 West 122nd Street
New York, NY 10027

**FATIMAH ANN TAHIL**
-via Place of Employment-
134 West 122nd Street
New York, NY 10027

**SUZANNE RUMSEY**

2

-via Place of Employment-
134 West 122nd Street
New York, NY 10027

**3**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
DR. DOUGLAS JOHN ANDERSON, M.D.,

*Plaintiff.*

Index No.

      -against-

**VERIFIED COMPLAINT**

CARELON BEHAVIORAL HEALTH, INC.,
THE ELEVANCE HEALTH COMPANIES,
INC., ELEVANCE HEALTH, INC.
and HOSSAM MAHMOUD, individually,
and PETER HAYTAIAN, individually
and DAVID J. WOLFE, individually
and FATIMAH ANN TAHIL, individually
and SUZANNE RUMSEY, individually

*Defendants.*

--------------------------------------------------------------------X

## <u>INTRODUCTION</u>

1.    Plaintiff DR. DOUGLAS JOHN ANDERSON, M.D. (hereinafter referred to as "Plaintiff" and/or "Dr. Anderson") is an individual seventy-nine (79) year old male who is a resident of the State of New Jersey.

2.    Plaintiff suffers from the disabling conditions of end stage renal disease (hereinafter collectively referred to as "Plaintiff's disabling conditions") and is now currently and permanently on home peritoneal dialysis, and congestive heart failure with permanent atrial fibrillation and an implanted pacemaker/defibrillator.

3.    Plaintiff's disabling conditions substantially limit major life activities, but, at all times material, Plaintiff was, and still is, able to perform the essential functions of his job with, or without, reasonable accommodation.

4.    At all relevant times, Plaintiff was, and still is, a qualified individual with a disability and/or disabling conditions as defined under 42 U.S.C. § 12102, incorporated by the Rehabilitation Act.

**4**

5.      At all relevant times, Plaintiff is also decorated Vietnam war-era Veteran. Plaintiff is therefore a member of multiple protected classes.

6.      At all times material, Defendant **CARELON BEHAVIORAL HEALTH, INC.** (hereinafter referred to as "**CARELON**" and/or "Defendants **CARELON**") is a corporation operating throughout the United States, that is incorporated in Delaware, with an office located at One Penn Plaza, New York, New York and, at all relevant times, was the Plaintiff's employer.

7.      At all times material, **CARELON** met the definition of an "employer," "joint employer", and/or "single employer."

8.      At all times material, **CARELON** acted, and continues to act, by and through its employees, agents, board members, and servants who were acting in the scope and course of employment, agency, and servitude.

9.      At all times material to this Verified Complaint, Defendant **THE ELEVANCE HEALTH COMPANIES, INC.** (hereinafter referred to as "**ELEVANCE HEALTH COMPANIES**" and/or "Defendant **ELEVANCE HEALTH COMPANIES**") is a corporation operating throughout the United States, that is incorporated in Indiana, with its principal place of business in Indianapolis, Indiana as **ELEVANCE HEALTH COMPANIES** performs the vast majority of its executive and administrative functions at its corporate headquarters in that location, and, at all relevant times, was the Plaintiff's employer.

10.     At all times material, **ELEVANCE HEALTH COMPANIES** meet the definition of an "employer", "joint employer", and/or "single employer".

11.     At all times material, **ELEVANCE HEALTH COMPANIES** acted, and continue to act, by and through their employees, agents, board members, and servants who were acting in the scope and course of employment, agency, and servitude.

5

12.      At all times material to this Verified Complaint, Defendant **ELEVANCE HEALTH, INC.** (hereinafter referred to as "**ELEVANCE HEALTH**" and/or "Defendant **ELEVANCE HEALTH**") is a corporation operating throughout the United States, that is incorporated in Indiana, with its principal place of business in Indianapolis, Indiana as **ELEVANCE HEALTH** performs the vast majority of its executive and administrative functions at its corporate headquarters in that location, and, at all relevant times, was the Plaintiff's employer.

13.      Defendants **ELEVANCE HEALTH COMPANIES** and **ELEVANCE HEALTH** are collectively referred to as "**ELEVANCE**" and/or "Defendants **ELEVANCE**".

14.      At all times material to this Verified Complaint, Defendant **CARELON** and Defendants **ELEVANCE** (hereinafter collectively referred to as the "Defendants" and/or the "Defendant Employers") jointly employed Plaintiff.

15.      At all times material to this Verified Complaint, **CARELON** and **ELEVANCE** jointly employed Plaintiff.

16.      A review of Plaintiff's employee portal landing page, which refers to **CARELON** and **ELEVANCE**, including **ELEVANCE** references in Plaintiff's paystubs, a conspicuous **ELEVANCE** logo prominently affixed to the sign-in section of the portal itself, and **CARELON** user and company information featured in the lower right corner of computers Plaintiff has been assigned and required to utilize as conditions of his employment, makes it clear that Defendants **CARELON** and **ELEVANCE** currently jointly employ Plaintiff.

Case 1:24-cv-09260-MMG    Document 1-1    Filed 12/05/24    Page 8 of 34



The Elevance Health Companies, Inc.    An Affiliate of Elevance Health, Inc. 220 Virginia Avenue Indianapolis, IN 46204
Douglas Anderson    8 Jesse Court Montville, NJ 07045

| Name | Company | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|------|---------|-------------|------------------|----------------|------------|--------------|
| Douglas Anderson | The Elevance Health Companies, Inc. | 1600767 | 07/29/2024 | 08/11/2024 | 08/16/2024 | |

**17.** At all times material to this Verified Complaint, Plaintiff was an "employee" of Defendants.

**18.** At all times after September 6, 2024, Plaintiff was and still is a "former employee" of Defendants.

**19.** At all times material to this Verified Complaint, Defendant Dr. Hossam Mahmoud (hereinafter referred to as "**MAHMOUD**" and/or "Defendant **MAHMOUD**") was **CARELON**'s Regional Chief Medical Officer, supervisor, and a decision-maker with regard to Plaintiff's employment at

**7**

**CARELON** and **ELEVANCE**. **MAHMOUD** is a non-disabled individual who is younger than Plaintiff.

20.     **MAHMOUD** was an active participant and driving force in the unlawful discrimination, retaliation and otherwise unfair employment decisions and actions taken against Plaintiff.

21.     **MAHMOUD** is an ageist, ableist, abusive, manipulative, and controlling bully, who actively sought, and continues to seek, to exploit his position of authority to discriminate against, retaliate against, humiliate, intimidate, and professionally sabotage Plaintiff, and other **CARELON** and **ELEVANCE** employees who were members of protected classes.



22.     At all times material to this Verified Complaint, Defendant Mr. Peter Haytaian (hereinafter referred to as "**HAYTAIAN**" and/or "Defendant **HAYTAIAN**") was **CARELON** President, Chief Executive Officer, **ELEVANCE** Executive Vice President, supervisor, and a decision-maker with regard to Plaintiff's employment at **CARELON** and **ELEVANCE**. **HAYTAIAN** is a non-disabled individual who is younger than Plaintiff.

23.     **HAYTAIAN** was an active participant and driving force in the unlawful discrimination, retaliation and otherwise unfair employment decisions and actions taken against Plaintiff. As Plaintiff's supervisor, **HAYTAIAN** also aided and abetted the unlawful conduct described herein.

24.     **HAYTAIAN** is an abusive, manipulative, and controlling bully, who actively sought, and continues to seek, to exploit his position of authority to discriminate against, retaliate against, humiliate, intimidate, and professionally sabotage Plaintiff, and other **CARELON** and **ELEVANCE** employees who were members of protected classes.

**8**



**25.**    At all times material to this Verified Complaint, Defendant Dr. David J. Wolfe (hereinafter referred to as "**WOLFE**" and/or "Defendant **WOLFE**"), was **CARELON**  Manager Medical Director, supervisor, and a decision-maker with regard to Plaintiff's employment at **CARELON** and **ELEVANCE**. **WOLFE** is a non-disabled individual who is younger than Plaintiff.

**26.**    **WOLFE** was an active participant and driving force in the unlawful discrimination, retaliation and otherwise unfair employment decisions and actions taken against Plaintiff. As Plaintiff's supervisor, **WOLFE** also aided and abetted the unlawful conduct described herein.

**27.**    **WOLFE** is an ageist, ableist, and controlling bully, who actively sought, and continues to seek, to exploit his position of authority to discriminate against, retaliate against, humiliate, intimidate, and professionally sabotage Plaintiff, and other **CARELON** and **ELEVANCE** employees who were members of protected classes.



**9**

28.    At all times material to this Verified Complaint, Defendant Dr. Fatimah Ann Tahil (hereinafter referred to as "**TAHIL**" and/or "Defendant **TAHIL**") was **CARELON** Senior Vice President, supervisor, and a decision-maker with regard to Plaintiff's employment at **CARELON** and **ELEVANCE**. **TAHIL** is a non-disabled individual who is younger than Plaintiff.

29.    **TAHIL** was an active participant and driving force in the unlawful discrimination, retaliation and otherwise unfair employment decisions and actions taken against Plaintiff. As Plaintiff's supervisor, **TAHIL** also aided and abetted the unlawful conduct described herein.

30.    **TAHIL** is an ageist, ableist, abusive, manipulative, and controlling bully, who actively sought, and continues to seek, to exploit her position of authority to discriminate against, retaliate against, humiliate, intimidate, and professionally sabotage Plaintiff, and other **CARELON** and **ELEVANCE** employees who were members of protected classes.



31.    At all times material to this Verified Complaint, Defendant Ms. Suzanne Rumsey (hereinafter referred to as "**RUMSEY**" and/or "Defendant **RUMSEY**") was **CARELON** Human Resources Director, supervisor, and a decision-maker with regard to Plaintiff's employment at **CARELON** and **ELEVANCE**. **RUMSEY** is a non-disabled individual who is younger than Plaintiff.

32.    **RUMSEY** was an active participant and driving force in the unlawful discrimination, retaliation and otherwise unfair employment decisions and actions taken against Plaintiff. As Plaintiff's supervisor, **RUMSEY** also aided and abetted the unlawful conduct described herein.

**10**

33.    **RUMSEY** is an ageist, ableist, abusive, manipulative, and controlling bully, who actively sought, and continues to seek, to exploit her position of authority to discriminate against, retaliate against, humiliate, intimidate, and professionally sabotage Plaintiff, and other **CARELON** and **ELEVANCE** employees who were members of protected classes.



34.    **MAHMOUD**, **HAYTAIAN**, **WOLFE**, **TAHIL**, and **RUMSEY** are collectively referred to as the "Individual Defendants".

35.    At all times material to this Verified Complaint, the Individual Defendants were aware of Plaintiff's disabling conditions.

36.    In or around January 2006, Plaintiff began his employment with ValueOptions, Inc. (hereinafter referred to as "ValueOptions") as a Physician Advisor. At all times material to this Verified Complaint, Plaintiff was qualified for this position.

37.    On or about September 7, 2007, ValueOptions hired Plaintiff as a full-time employee in the position of Associate Medical Director. At all times material to this Verified Complaint, Plaintiff was qualified for this position.

38.    ValueOptions was later acquired by Beacon Health Options, Inc. (hereinafter referred to as "Beacon Health Options") and Beacon Health Options was then later acquired by **ELEVANCE**, making Plaintiff not just a legacy employee, but, at the time of Defendants' wrongful termination,

the longest-tenured of Defendants' eight (8) NY team Medical Directors based on his January 2006 hire date.



39. Plaintiff's employment background and over 5 decades of professional experience, including Military, VA, administration, academic, clinical practice, and forensic care rendered Plaintiff highly qualified to be a managed care medical director.

40. Throughout his employment with Defendants, Plaintiff received compliments for his work performance and always got along well with his co-workers.

41. In or around November 2019, as a result of his excellent work performance, Plaintiff received a promotion to **CARELON** Medical Director.

42. At all times material to this Verified Complaint, Plaintiff was, and still is, qualified for this position.

43. As a **CARELON** Medical Director, Plaintiff exhibited strong leadership, the utmost professionalism and care for **CARELON**, **ELEVANCE**, and their clientele, as well as the employees with whom he has worked.

44. However, in or around 2016, Plaintiff began experiencing and exhibiting symptoms of his disabling conditions, which substantially limit one or more of his major life activities, but Plaintiff

Case 1:24-cv-09260-MMG    Document 1-1    Filed 12/05/24    Page 14 of 34

is a qualified individual who was able to perform the essential functions of his employment with or without a reasonable accommodation.

45.     At all times material, Defendants were aware of Plaintiff's disabling conditions and their symptoms.

46.     Despite Plaintiff's catastrophic medical diagnoses, including renal cancer resulting in home peritoneal dialysis, and congestive heart failure with permanent atrial fibrillation and an implanted pacemaker/defibrillator, Plaintiff performed all duties assigned in a diligent and thorough manner.

47.     Despite his excellent work record and litany of accomplishments, Plaintiff was forced by **CARELON** and **ELEVANCE** to endure discrimination at the highest levels.

48.     Despite being on notice of the symptoms of Plaintiff's disabling conditions, in a pattern and culture of discriminatory and retaliatory harassment based on Plaintiff's protected characteristics and protected conduct, Defendants have made adverse employment decisions with respect to Plaintiff's job opportunities at **CARELON** and **ELEVANCE**.

49.     Plaintiff asserts that said pattern and culture includes the termination of upper-level jobs, and other job opportunities within **CARELON** and **ELEVANCE** due to being absent from work as a result of taking valid, legally protected medical leave.

50.     Plaintiff asserts that **CARELON**, **ELEVANCE**, **TAHIL**, **RUMSEY**, **WOLFE**, **MAHMOUD**, and **HAYTAIAN** each engaged in a pattern and practice of discrimination against older, disabled, and other protected employees, and employees who engage in protected by requesting reasonable accommodations, and accessing their right to be absent from work due to valid legally protected medical leave.

Case 1:24-cv-09260-MMG   Document 1-1   Filed 12/05/24   Page 15 of 34

51.　By way of example, on or about February 27, 2023, Plaintiff learned that he was in end-stage renal disease, and based on lab work, was instructed by his physician to immediately attend the Emergency Room.

52.　Plaintiff immediately engaged in protected conduct by accessing his right to be absent from work due to valid, legally protected medical leave until March 4, 2023, and started on hemodialysis in the hospital.

53.　When Plaintiff returned to work two (2) days later, Plaintiff engaged in further protected conduct by directly requesting from **TAHIL** a reasonable accommodation in order to have outpatient hemodialysis, short term, until Plaintiff could eventually transition to peritoneal dialysis at home.

54.　Plaintiff was absent from work due to valid, legally protected short term disability leave the week of March 6, 2023, and the following week for vacation.

55.　Plaintiff returned to work for two (2) weeks and three (3) days until engaging in further protected conduct by accessing his right to be absent from work due to valid, legally protected leave pursuant to undergoing scheduled surgery to remove Plaintiff's right kidney.

56.　Following the said kidney-removal surgery, Plaintiff returned to work on or about April 6, 2023. Plaintiff continued to go to dialysis three (3) times a week and work 8-hour days without any issues.

57.　On or about July 4, 2023, Plaintiff transitioned to Peritoneal dialysis at home and returned to his normal workday 9-5.

58.　Shortly thereafter, **MAHMOUD** advised Plaintiff that Defendants had involuntarily assigned **WOLFE** as Plaintiff's new supervisor, but that Plaintiff would still be part of their New York City Team.

14

Case 1:24-cv-09260-MMG    Document 1-1    Filed 12/05/24    Page 16 of 34

59.    On or about July 3, 2024, Plaintiff engaged in further protected activity by accessing his right to be absent from work due to valid, legally protected medical leave, pursuant to undergoing a scheduled ambulatory procedure to replace Plaintiff's pacemaker/deliberator.

60.    Shortly thereafter, **MAHMOUD**, **HAYTAIAN**, **WOLFE**, **TAHIL**, and **RUMSEY** all participated in developing a scheme to illegally terminate Dr. Anderson and tried to pretextually mask the illegal termination with adverse actions against others who were not in the same protected categories as Plaintiff.

61.    The individual defendants, **MAHMOUD, HAYTAIAN, WOLFE, TAHIL** and **RUMSEY,** knowing that a mass layoff was occurring in other divisions of the Company, took this opportunity to mask their discriminatory motive in firing Plaintiff from the division they controlled.

62.    These individual defendants developed a scheme in which they decided to pretextually terminate multiple Medical Directors in order to cover up the illegal termination of Plaintiff.

63.    It was clearly a pretextual scheme as none of these "fired" Medical Directors were disabled. Plaintiff was the only disabled Doctor who was terminated.

64.    The scheme to hide the discriminatory motive of the individual defendants was also clearly pretextual as each of the Medical Directors who were "terminated" along with Plaintiff, were not actually in fact terminated.

65.    Each of the individuals were given the opportunity to continue working with the Defendants in the same capacity as before.

66.    On or about August 6, 2024, **WOLFE** and **RUMSEY** pretextually and unlawfully terminated Plaintiff over Zoom, and two (2) days later Defendants presented Plaintiff with a General Release and Waiver Agreement requiring his signature in exchange for continued receipt of certain work-related benefits.

Case 1:24-cv-09260-MMG    Document 1-1    Filed 12/05/24    Page 17 of 34



**Date:** 8/8/2024
**To:**   Douglas Anderson
**Associate ID:** 1600767
**From:** Human Resources
**Subject:** Reduction in Force Pay and Benefits Package

This letter is to inform you that your employment will be terminated due to a reduction in force. Your termination will be effective on 9/6/2024, the "termination date". Your manager will notify you of your last day of work. Your termination date or last day of work may be changed or extended at any time. Notification will be provided as much in advance as possible. If you do not work through your designated last day of work, you will not be eligible to receive RIF pay and benefits.

RIF pay and benefits are available upon receipt of a signed General Release and Waiver Agreement (attached) which contains information about RIF pay and benefits and your rights and obligations. Carefully read the document and the ADEA notice, Attachment A to the General Release and Waiver Agreement. If it is not attached, please notify your Human Resources representative.

67.   However, the very terms provided by Defendants' General Release and Waiver Agreement violate General Obligations Law § 5-336 in that they contain an unlawfully broad non-disclosure provision.

8. <u>Confidentiality.</u> I agree that I will maintain the confidentiality of the Company's information and I will not disclose any confidential and/or proprietary information without the Company's express written approval. I also agree that I will not use confidential and/or proprietary information for my benefit or the benefit of any third party if it might or will cause harm to the Company. The definition of confidential and/or proprietary information is intended to be narrow and limited to that information which is a trade secret or would cause financial or business harm to the Company should it be known by the Company's competitors, as well as information that the Company has a legal obligation to maintain as confidential, such as patient information. It does not include information that is publicly known or available or information about wages, benefits, working conditions, or other terms and conditions of employment. I understand that the federal Defend Trade Secrets Act of 2016 protects me from being held criminally or civilly liable under any federal or state trade secret law for disclosure of a trade secret that is made: (i) in investigating a suspected violation of law; or (ii) in a complaint or other document filed in a lawsuit or other proceeding, so long as such filing is made under seal. I further understand that, if I file a lawsuit for retaliation by the Company for reporting a suspected violation of law, I may disclose the confidential and/or proprietary information to my attorney or use it in the lawsuit, so long as any document containing confidential and/or proprietary information is filed under seal and I do not disclose the confidential and/or proprietary information except pursuant to court order. I understand nothing in this paragraph or this Agreement is intended to prevent me from discussing information that is publicly known or available as well as information regarding wages, benefits, working conditions, and other terms and conditions of employment with coworkers or others.

68.   Additionally, immediately following Defendants' pretextual termination, Plaintiff discovered that, of the company's eight (8) Medical Directors, a brand-new hire was not affected, a second recent hire was offered twenty (20) hours a week with health insurance, two (2) seasoned individuals were retained full time, and the other three (3) were offered 20 hours a week with health insurance.

69.   Plaintiff was the only older, disabled, decorated Vietnam war era veteran Medical Director with military status selected by Defendants for termination.

**16**

| Title | Age on Action Effective Date 9/6/2024 | Selected for Termination on Action Effective Date Y/N |
|---|---|---|
| Medical Director (US) | 79 | Yes |
| Medical Director (US) | 39 | No |
| Medical Director (US) | 79 | No |
| Medical Director (US) | 48 | No |

70. It is clear that this illegal, highly pressurized, and coercive attempt to have Plaintiff sign a general release is intended to minimize Defendants' exposure to liability from older employees, disabled employees, decorated Vietnam war era veterans, and employees with military status, for harboring a discriminatory and hostile work environment based on employees' protected characteristics.

71. This adverse employment action was both retaliatory, given its temporal proximity to Plaintiff's protected conduct, but also discriminatory given that Defendants and their executive board members do not similarly interfere with the job functions of non-disabled, and younger medical directors.

72. Plaintiff asserts that Defendants engaged, and continue to engage, in a pattern and practice of discrimination against disabled employees, older employees, decorated Vietnam war era veterans, employees with military status, and other legally protected employees.

73. While Plaintiff's employment with **CARELON** and **ELEVANCE** was a harrowing, traumatic experience, the totality of these acts demonstrates a pattern and practice of **CARELON** and **ELEVANCE** failing to prevent or address incidents of discrimination, failing to implement antidiscrimination policies, and failing to adequately train staff concerning civil rights issues, intentionally perpetrated by the **CARELON** and **ELEVANCE** management and executive

17

Case 1:24-cv-09260-MMG   Document 1-1   Filed 12/05/24   Page 19 of 34

officers against Plaintiff pursuant to illegally reducing its work force and/or illegally terminating various employees and creating an intimidating, humiliating, hostile and offensive work environment in violation of Federal laws, New York State laws, New York City laws, Massachusetts State laws, Indiana State laws, local statutes, codes, and ordinances.

74.     Upon information and belief, **CARELON** and **ELEVANCE** deliberately fail to maintain an employee handbook and are seemingly content relying instead upon institutional memory to guide company anti-harassment and anti-discrimination "policy", which contributes to the aforementioned pattern and practice.

From: Rumsey, Suzanne <suzanne.rumsey@elevancehealth.com>
Sent: Monday, August 19, 2024 10:00 AM
To: Anderson, Douglas <Douglas.Anderson@carelon.com>
Subject: RE: Notification Letter

Hi Dr. Anderson:
We don't have a single handbook, per se. Is there a specific policy or other information item that you are seeking? That will help me find what you are looking for.

Thanks,
Suzanne

From: Anderson, Douglas <Douglas.Anderson@carelon.com>
Sent: Monday, August 19, 2024 9:54 AM
To: Rumsey, Suzanne <suzanne.rumsey@elevancehealth.com>
Subject: RE: Notification Letter

Please send me a copy of the employee handbook as soon as possible.
Thank you
DA

75.     Upon information and belief, **CARELON** and **ELEVANCE** devised, implemented, and executed a scheme through which they give disparate, preferential treatment and superior benefits to non-disabled, and younger employees, while knowingly and intentionally denying equal treatment and benefits to disabled employees, older employees, decorated Vietnam war era veterans, and employees with military status, including Plaintiff.

76.     Defendants discriminated against and continue to discriminate against Plaintiff on the basis of his age and disabling conditions, decorated Vietnam war era veteran and military status, and because Plaintiff engaged in protected activity by requesting a reasonable accommodation of his disabling conditions, and because Plaintiff was absent from work due to valid protected leave.

18

Case 1:24-cv-09260-MMG    Document 1-1    Filed 12/05/24    Page 20 of 34

77.    The above are just some examples of **CARELON** and **ELEVANCE**'s unlawful discrimination of and retaliation against Plaintiff.

78.    **CARELON**, **ELEVANCE**, and their employees are complicit in the destruction of Plaintiff's career with **CARELON** and **ELEVANCE**, by creating a hostile work environment on the basis of his age, disabling conditions, decorated Vietnam war era veteran and military status, and for engaging in protected activity by requesting a reasonable accommodation of his disabling conditions, and by being absent from work due to valid, legally protected medical leave.

79.    **CARELON** and **ELEVANCE** at all times failed to take corrective action to alleviate the discrimination, hostile work environment, and retaliation to which Plaintiff was subjected by their agents and/or employees.

80.    It is also clear that **CARELON** and **ELEVANCE**'s entire Human Resources department is unquestionably more concerned with protecting the company, rather than the company's employees.

81.    The above are just some examples of Defendants' unlawful discrimination of and retaliation against Plaintiff.

82.    As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured, and continues to endure, unlawful humiliation resulting in extreme emotional distress, severe depression, extreme anxiety, and physical ailments.

83.    As a result of Defendants' unlawful and discriminatory actions, Plaintiff felt, and continues to feel, extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

84.    As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured, and continues to endure, financial hardships and irreparable damage to his professional reputation.

19

Case 1:24-cv-09260-MMG    Document 1-1    Filed 12/05/24    Page 21 of 34

85.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

86.     Plaintiff claims alternatively (in the event Defendants claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

87.     Plaintiff claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

88.     Plaintiff asserts that Defendants engaged, and continue to engage, in a pattern and practice of discrimination against disabled employees, older employees, employees who are decorated Vietnam war era veterans, employees with military status, employees who engaged in protected conduct, and other legally protected employees.


### AS AND FOR A FIRST CAUSE OF ACTION

For Discrimination in Violation of N.Y. Executive Law § 290 *et. seq.*
(Against All Defendants)

89.     Plaintiff repeats and realleges the allegations contained in each of the foregoing Paragraphs as if fully set forth herein.

90.     N.Y. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's **age**, race, creed, color, national origin, sexual orientation, **military status**, sex, **disability**, predisposing genetic characteristics, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to

20

discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

91.   Defendants engaged in and are still engaging in unlawful discriminatory practices by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy discrimination of Plaintiff thereby discriminating against the Plaintiff because of Plaintiff's age, military status, and disability.

92.   As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the N.Y. Executive Law § 290 *et. seq.*, Plaintiff suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of monetary damages and other relief.

93.   As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the N.Y. Executive Law § 290, *et. seq.*, Plaintiff suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

94.   Plaintiff hereby makes claims against Defendants under all applicable paragraphs of N.Y. Executive Law § 290 *et. seq*.

95.   As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the N.Y. Executive Law § 290, *et. seq.*, Plaintiff is entitled to an award of compensatory damages in an amount to be determined at trial, but in no event less than the jurisdictional limits of this Court.

Case 1:24-cv-09260-MMG     Document 1-1     Filed 12/05/24     Page 23 of 34

96.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the N.Y. Executive Law § 290, *et. seq.*, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial, but in no event less than the Jurisdictional limits of this Court.

## AS AND FOR A SECOND CAUSE OF ACTION

For Discrimination in Violation of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*
(Against All Defendants)

97.     Plaintiff repeats and realleges the allegations contained in each of the foregoing Paragraphs as if fully set forth herein.

98.     The Administrative Code of the City of New York, § 8-107, *et. seq.* provides that "[i]t shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived **age**, race, creed, color, national origin, gender, **disability**, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, **uniformed service** or immigration or citizenship status of any person … to discriminate against such person in compensation or in terms, conditions or privileges of employment."

99.     Defendants engaged in and are still engaging in unlawful discriminatory practices by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy discrimination of Plaintiff thereby discriminating against the Plaintiff because of Plaintiff's age, military status, and disability.

100.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the Admin. Code of the City of N.Y., § 8-107 *et. seq.*, Plaintiff suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of monetary damages and other relief.

Case 1:24-cv-09260-MMG    Document 1-1    Filed 12/05/24    Page 24 of 34

101.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*, Plaintiff suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

102.    Plaintiff hereby makes claims against Defendants under all applicable paragraphs of The Admin. Code of the City of N.Y., § 8-107 *et. seq.*

103.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*, Plaintiff is entitled to an award of compensatory damages in an amount to be determined at trial, but in no event less than the jurisdictional limits of this Court.

104.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial, but in no event less than the Jurisdictional limits of this Court.

### AS AND FOR A THIRD CAUSE OF ACTION

For Retaliation in Violation of N.Y. Executive Law § 290 *et. seq.*
(Against All Defendants)

105.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

106.    N.Y. Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article."

23

Case 1:24-cv-09260-MMG    Document 1-1    Filed 12/05/24    Page 25 of 34

107.  Defendants engaged in an unlawful discriminatory practice by, *inter alia*, harassing, threatening, humiliating, undermining and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's protected activity by accessing his right to be absent from work due to valid, legally protected medical leave.

108.  As a direct and proximate result of Defendants' unlawful and retaliatory conduct, in violation of the N.Y. Executive Law § 296(7), Plaintiff suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which Plaintiff is entitled to an award of monetary damages and other relief.

109.  As a direct and proximate result of Defendants' unlawful and retaliatory conduct, in violation of the N.Y. Executive Law § 296(7), Plaintiff, suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

110.  Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of N.Y. Executive Law § 296 *et. seq.* for retaliation.

111.  As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*, Plaintiff is entitled to an award of compensatory damages in an amount to be determined at trial, but in no event less than the jurisdictional limits of this Court.

112.  As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial, but in no event less than the Jurisdictional limit of this Court.

**AS AND FOR A FOURTH CAUSE OF ACTION**

For Retaliation in Violation of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*
(Against All Defendants)

113.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this

Complaint as if fully set forth herein.

114.    The Admin. Code of the City of N.Y., § 8-107(7) states that "[i]t shall be an unlawful

discriminatory practice for any person engaged in any activity to which this chapter applies to

retaliate or discriminate in any manner against any person because such person has … opposed

any practice forbidden under this chapter [or] filed a complaint, testified or assisted in any

proceeding under this chapter…"

115.    Defendants engaged in an unlawful discriminatory practice by, *inter alia*, harassing, threatening,

humiliating, undermining and otherwise discriminating against Plaintiff with respect to the terms,

conditions or privileges of employment because of Plaintiff's protected activity by accessing his

right to be absent from work due to valid, legally protected medical leave.

116.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct, in violation of

the Admin. Code of the City of N.Y. § 8-107(7), Plaintiff suffered, and continues to suffer,

monetary and/or economic damages, including, but not limited to, loss of past and future income,

compensation and benefits, for which Plaintiff is entitled to an award of monetary damages and

other relief.

117.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct, in violation of

the Administrative Code of the City of New York § 8-107 *et. seq.*, Plaintiff, suffered, and continues

to suffer, severe mental anguish and emotional distress, including but not limited to depression,

humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

25

emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

118. Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*

119. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*, Plaintiff is entitled to an award of compensatory damages in an amount to be determined at trial, but in no event less than the Jurisdictional limit of this Court.

120. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial, but in no event less than the Jurisdictional limit of this Court.

### AS AND FOR A FIFTH CAUSE OF ACTION

For Aiding and Abetting in Violation of N.Y. Executive Law § 290 *et. seq.*
(Against the Individual Defendants)

121. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

122. N.Y. Executive Law § 296(6) provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

123. The Individual Defendants engaged in an unlawful discriminatory practice by knowingly and/or recklessly aiding, abetting, compelling, coercing and/or actively participating in the unlawful, discriminatory, and retaliatory conduct as stated herein.

26

124.   As a direct and proximate result of the Individual Defendants' unlawful discrimination and retaliation against Plaintiff, in violation of the N.Y. Executive Law §296(6), Plaintiff suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits, for which Plaintiff is entitled to an award of monetary damages and other relief.

125.   As a direct and proximate result of the Individual Defendants' unlawful discrimination and retaliation against Plaintiff, in violation of the N.Y. Executive Law § 296(6), Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

126.   Plaintiff hereby makes a claim against the Individual Defendants under all applicable paragraphs of N.Y. Executive Law § 296.

127.   As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*, Plaintiff is entitled to an award of compensatory damages in an amount to be determined at trial, but in no event less than the Jurisdictional limits of this Court.

128.   As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial, but in no event less than the Jurisdictional limits of this Court.

Case 1:24-cv-09260-MMG    Document 1-1    Filed 12/05/24    Page 29 of 34

## AS AND FOR A SIXTH CAUSE OF ACTION

For Aiding and Abetting Under the Admin. Code of the City of N.Y., § 8-107, *et. seq.*
(Against the Individual Defendants)

129. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

130. The New York City Administrative Code Title 8, § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

131. The Individual Defendants engaged in an unlawful discriminatory practice, in violation of New York City Administrative Code Title 8, § 8-107(6) by knowingly and/or recklessly aiding, abetting, compelling, inciting, coercing and/or actively participating in the unlawful, discriminatory, and retaliatory conduct as stated herein.

132. As a direct and proximate result, Plaintiff suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation and benefits for which Plaintiff is entitled to an award of damages.

133. As a direct and proximate result, Plaintiff suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

134. The Individual Defendants' unlawful actions constitute malicious, willful, and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

135. Plaintiff hereby makes a claim against the Individual Defendants under all applicable paragraphs of New York City Administrative Code Title 8.

Case 1:24-cv-09260-MMG   Document 1-1   Filed 12/05/24   Page 30 of 34

136. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*, Plaintiff is entitled to an award of compensatory damages in an amount to be determined at trial, but in no event less than the Jurisdictional limit of this Court.

137. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, in violation of the Admin. Code of the City of N.Y., § 8-107, *et. seq.*, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial, but in no event less than the Jurisdictional limit of this Court.

## AS AND FOR A SEVENTH CAUSE OF ACTION

For Supervisory Liability under the Admin. Code of the City of N.Y., § 8-107, *et. seq.*
(Against All Defendants)

138. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

139. New York City Administrative Code Title 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

    a.    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b.    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

    i.    The employee or agent exercised managerial or supervisory responsibility; or

    ii.    The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective

29

Case 1:24-cv-09260-MMG     Document 1-1     Filed 12/05/24     Page 31 of 34

action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   iii.   The employer should have known of the employee's or agents discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

140.   Defendants violated the section cited herein as set forth.

141.   Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of New York City Administrative Code Title 8.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**

For Hostile Work Environment under the Admin. Code of the City of N.Y., § 8-107, *et. seq.*
(Against All Defendants)

142.   Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

143.   A hostile work environment is one that is sufficiently severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive.

144.   Plaintiff was subjected to a sufficiently severe and pervasive work environment where she was verbally abused and intimidated due to her race, color, and gender, and was otherwise treated in an intolerable and abusive manner. Defendants' mistreatment only escalated when Plaintiff filed an internal discrimination complaint.

145.   As a direct and proximate result of Defendants' improper hostile and abusive work environment, Plaintiff sustained serious and severe personal injuries which are permanent and continuing in nature, and has been caused to suffer severe mental anguish, and emotional instability in an amount to be determined at trial.

Case 1:24-cv-09260-MMG    Document 1-1    Filed 12/05/24    Page 32 of 34

## JURY DEMAND

**146.**    Plaintiff demands a trial by jury on all issues of fact and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the State of New York and the laws of the City of New York;

An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus pre- and post-judgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority, and other benefits of employment;

An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus pre- and post-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries;

An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, but in any event in excess of the jurisdictional limit

31

of any other court which might otherwise have jurisdiction over this matter, plus pre- and post-judgment interest;

An award of punitive damages, in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter;

An award of costs that Plaintiffs have incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

Such other and further relief as the Court may deem just and proper.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** Plaintiff respectfully prays for the judgment against all Defendants, including compensatory damages, punitive damages against individual Defendants, any and all damages allowed by state and local law including pre-judgment interest, post-judgment interest, and attorney's fees in an aggregate amount greater than the jurisdictional limits of all courts.

Dated: October 28, 2024
     New York, NY

Respectfully submitted,

THE COCHRAN FIRM

_____
DEREK S. SELLS
Counsel for Plaintiff
One Exchange Plaza
55 Broadway, 23rd Floor
New York, New York 10279
(Tel No.)  (212) 553-9215
(Facsimile) (212) 227-8763

32

Case 1:24-cv-09260-MMG     Document 1-1     Filed 12/05/24     Page 34 of 34

## **VERIFICATION**

I, the undersigned, am an attorney admitted to practice in the Courts of the State of New York, and say that:

I am the Chair of THE COCHRAN FIRM, attorney for the plaintiffs.  I have read the annexed COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with client, records, reports, documents, correspondence, data, memoranda, etc., contained in the file.

The reason I make this verification instead of plaintiffs, is that the plaintiff resides out of the County of New York, wherein I maintain my offices.

I affirm that the foregoing statements are true under the penalties of perjury.


Dated: October 28, 2024
       New York, NY


Respectfully submitted,

_____
       Derek S. Sells, Esq.


**33**